JOSEPH K. BRAVO, ESQ. (SBN 107646)
1   **BRAVO & MARGULIES**
    901 Market Street
2   Suite 450
    San Francisco, CA  94103
3   Telephone:    (415) 512-6700
    Facsimile:    (415) 512-6716
4
    Attorneys for Plaintiff
5   CHARLENE ROSS, et al

6                           UNITED STATES DISTRICT COURT

7                           NORTHERN DISTRICT OF CALIFORNIA

8

9
    CHARLENE ROSS, Individually and as          Case No.:  CV09-0367 BZ
10  Guardian Ad Litem for BRIANA SMITH, a
    Minor Child, and ALEXIS SMITH, a Minor
11  Child,                                      **STIPULATED DISMISSAL WITH
                                                PREJUDICE**
12              Plaintiffs,

13      vs.

14  MANAGEMENT SOLUTIONS, business form
15  unknown, Managing Agent for Villa De Oro
    Hayward Homeowner's Association; VILLA
16  DE ORO HAYWARD HOMEOWNERS'
    ASSOCIATION, a California Non-Profit
17  Mutual Benefit Corporation; JAMES HENTON,
    Managing Agent for Villa De Oro Hayward
18  Homeowners' Association; JASON CHEN,
    Leasing Agent and for Owner, LISI BANKS,
19  Owner; and DOES 1 through 25, inclusive,

20

21              Defendants.

22

23

24

25

26

27

28


STIPULATED DISMISSAL WITH PREJUDICE

1       **IT IS HEREBY STIPULATED** by and between all parties to the above-captioned

2  action, that the complaint, (including al claims, counter claims, and affirmative defenses) are

3  hereby dismissed with prejudice pursuant to FRCP 41(a).

4       Each party to bear its own attorneys fees and costs.

5       The parties request that the court retain jurisdiction to enforce the settlement agreement

6  between Plaintiffs and Defendants VILLA DE ORO HOMEOWNER'S ASSOCIATION,

7  MANAGEMENT SOLUTIONS, and JAMES HENTON, attached hereto as Exhibit A, by

8  issuing an Order that explicitly retains jurisdiction to enforce the settlement agreement and

9  incorporates the terms of the Settlement Agreement, pursuant to *Kokkonen v. Guardian Life*

10  *Insurance Company of America*, (1994) 511 U.S. 375, 381-82.

11

12  Dated: April 24, 2009             BRAVO & MARGULIES

13

14                    By: _____

15                    Joseph K. Bravo, Esq.

                          Attorney for Plaintiffs

16

17  Dated: April 24, 2009             LOW BALL LYNCH

18

19

20                    By: _____

                          David Blinn, Esq.

21                    Attorney for Defendants

                          Management Solutions, Villa de Oro

22                    Homeowner's Association, and James

                          Henton

23

24  Dated: April 24, 2009             By: _____

25                    Lisi Banks in Propria Persona

26  Dated: April 24, 2009             By: _____

27                    Jason Chen in Propria Persona

28

STIPULATED DISMISSAL WITH PREJUDICE

1    IT IS SO ORDERED:    **Jurisdiction is retained until July 1, 2009.**

2

3    Dated:  April 27, 2009



United States ~~District~~ Judge

Magistrate

Judge Bernard Zimmerman

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATED DISMISSAL WITH PREJUDICE

# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

The parties to this Settlement Agreement and Release of All Claims (hereinafter "Agreement") include:

1.   **Charlene Ross**, individually and as Guardian ad litem for **Alexis Smith, a Minor Child** and for **Briana Smith, a Minor Child**, ("Releasor") as the plaintiffs in the lawsuit described below; and

2.   **Management Solutions, Inc., Villa de Oro Hayward Homeowners' Association, James Henton,** and **the Board of Directors of Villa de Oro Hayward Homeowners' Association**, their agents, employees, assigns and insurers. Each of the foregoing entities and individuals shall be collectively referred to in the Agreement as "Releasees,"

### RECITALS

3.   On March 26, 2008, the Department of Fair Employment and Housing ("DEFH") filed a lawsuit for alleged housing discrimination by Releasees Against Releasor and her minor children in Alameda County Superior Court, Case No. HG08378652, entitled The Department of Fair Employment and Housing v. Management Solutions, et al (Charlene Ross, individually and as Guardian Ad Litem for Briana Smith, a Minor Child, and Alexis Smith, a Minor Child - Real Parties in Interest. (The "State Action").

4.   Subsequently on January 27, 2009, Releasor filed a lawsuit for alleged housing discrimination by Releasees against Releasor and her minor children in United States District Court (Northern District of California), Case No. CV090367 entitled Charlene Ross, Individually and as Guardian Ad Litem for Briana Smith, a Minor Child, and Alexis Smith, a Minor Child v. Management Solutions, et al. (The "Federal Action").

5.   The Parties hereto wish to resolve all claims, disputes, and differences between them without the need for further litigation, and intend that this Release Agreement serve as an

accord and satisfaction of all demands, claims, rights or obligations presently existing between the Parties hereto, whether known or unknown, or any acts or omissions of the parties occurring prior to the effective date of this Release Agreement and all consequences thereof.

6. With reference to the foregoing recitals and in consideration of the following mutual promises, Releasor hereby agrees as follows:

## RELEASE OF ALL CLAIMS

7. For and in consideration of the total amount of $40,000.00 (FORTY THOUSAND DOLLARS), receipt whereof is hereby acknowledged, Releasor, individually for herself and as Guardian ad Litem of said Alexis Smith and Briana Smith, minors, does hereby release, acquit and forever discharge Releasees and all defendants to the Federal Action. This release, acquittal and discharge by Releasor of the Releasees includes each of their agents, employees, attorneys, insurance companies, successors, heirs, administrators and assigns of each of them from any and every claim, demand, right, cause of action, debt, agreement and damages, of whatsoever kind or nature, past, present or future, by reason of injuries and damages allegedly sustained as a result of the incident which is the subject of the complaints filed by Releasor in the Federal Action and on behalf of her and her minor children in the State Action, including without limitations, any and all damages, rights and causes of action known or unknown, existing, claimed to exist, or which can ever hereinafter arise out of, or result from the alleged subject incidents described therein.

8. Releasor hereby declares and represents that she understands and agrees that this settlement is a compromise of a doubted and disputed claim and shall never, at any time, for any purpose be considered as, or be represented to be, an admission of liability or responsibility on the part of any of the Releasees, each of whom continue to deny such liability and to disclaim such responsibility.

-2-

9.     Releasor understands that this is all the consideration that she and her minor children will receive from Releasees or any of the defendants in either the State Action or Federal Action, or for any of the allegations that are the subject matter therein. The above-mentioned sum is the entire and only consideration for this Agreement, and each party shall be responsible for the payment of their respective attorney's fees and legal costs and expenses, separate and apart from the above-mentioned sum.

10.     Releasor warrants that no promise or inducement has been made or offered, excepting as herein set forth and that this Release Agreement is executed without reliance upon any statement or representation by any party or its representatives concerning the nature and extent of damages or legal liability therefor. Releasor executes this Agreement only after consultation with her attorneys of record as evidence by signature below.

11.     The rights, claims and obligations thereby released have not been previously assigned by Releasor.

12.     If any action as law or in equity, including an action for declaratory relief, is brought to enforce or interpret the provisions of this Agreement, the prevailing party shall be entitled to a reasonable attorney's fees, which may be set by the Court in the same action or in a separate action brought for that purpose, in addition to any other relief to which the Party may be entitled.

13.     This Agreement shall be binding upon all heirs, executors, administrators, assigns and successors of Releasor.

14.     As a result of this Agreement, Releasor agrees to cause a Dismissal with Prejudice of any and all complaints filed in the Federal Action, and to assist however necessary in the release and dismissal of the State Action filed in their name.

15.     This constitutes a full release of liability arising out of or in connection with matters set forth above. It is possible that other injuries or damages not now known will develop

-3-

or will be discovered, or consequences or results of known injuries will develop or will be discovered, and this final compromise and release is expressly intended to cover and include, and does cover and include, all such future injuries or damages, including all rights of action therefor; and Releasor does hereby agree and stipulate, on behalf of herself and as Guardian ad Litem of Alexis Smith and Briana Smith, minors, that she expressly waives all rights under Section 1542 of the Civil Code of the State of California, which provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

16.     Releasor, as Guardian ad Litem of Alexis Smith and Briana Smith, minors, agrees that, in consideration of the waiver by Releasees of any court order approving this settlement, Releasor will hold said Releasees harmless from any and all future claims of injury, known or unknown, made by said minors against said Releasees for any claims of injury resulting from the subject accident, and Releasor further agrees and stipulates that she will indemnify said Releasees for any and all amounts which Releasees may pay to said minor by way of compromise settlement or judgment as the result of any future claims for injuries allegedly resulting from the subject accident and including therein any reasonable attorney's fees and court costs incurred in the defense of any claims or actions prosecuted by said minor for said claims of future injuries.

17.     This Agreement has been reviewed by Releasor and her attorneys of record and is the product of negotiation and preparation by and among each party and its attorneys of record. Therefore, Releasor acknowledges and agree that this AGREEMENT shall not be deemed prepared or drafted by one party or another and should be construed accordingly.

-4-

18.   This Agreement constitutes the entire agreement between Releasor and Releasees hereto and it is understood that no alterations, modifications or changes will be effective unless in writing, and duly executed by the party to be charged.

19.   Releasor represents that there are no liens, or claims of liens, or assignments in law or equity, or otherwise, of or against, the claim or cause of action of Releasor. Releasor will indemnify and save harmless Releasees from any loss, claim, expense, demand, or cause of action of any kind or character through the assertion by any party or stranger hereto of a claim incurred directly or indirectly by reason of the falsity or inaccuracy of any representation made herein by Releasor.

20.   If any provision, or any part thereof, of this AGREEMENT is determined by a court of competent jurisdiction to be illegal or unenforceable, that provision shall be deemed to be severed and deleted and neither shall such provision, its severance or deletion affect the validity of the remaining provisions of this Agreement.

Dated: March 20, 2009

By: _____
Charlene Ross, individually and as Guardian
Ad Litem for Alexis and Briana Smith
(Releasor)

I am a licensed attorney at law and I hereby represent and declare that I have fully explained this Agreement to Charlene Ross who, in turn, acknowledged to me an understanding of this document and the legal effect thereof. I approve of this Release and Agreement as to both form and content.

Dated: March 23, 2009

By: _____
Michelle Watkins
Attorney for Plaintiff Charlene Ross
(Releasor)

-5-